**2000 UT App 350**

**STATE of Utah, Plaintiff and Appellee,**

v.

**William D. TYREE, Defendant
and Appellant.**

**No. 20000011–CA.**

Court of Appeals of Utah.

Dec. 14, 2000.

Jeffrey W. Hall and Joan C. Watt, Salt Lake Legal Defender Association, Salt Lake City, for Appellant.

Jan Graham, Atty. Gen., and J. Frederic Voros, Jr., Asst. Atty. Gen., Salt Lake City, for Appellee.

Before GREENWOOD, P.J., and BENCH and ORME, JJ.

## OPINION

BENCH, Judge:

¶ 1 Defendant William Tyree appeals from the sentence imposed after a conviction for absconding, a third degree felony, in violation of Utah Code Ann. § 76–8–309.5 (1999). We affirm.

## BACKGROUND

¶ 2 On August 10, 1999 Defendant, who was on parole for an unrelated offense, entered a guilty plea to absconding. Defendant requested a pre-sentence report be prepared prior to his sentencing, set for September 17, 1999. However, Defendant wanted the report to be prepared by an agency other than the Salt Lake County Office of Adult Probation and Parole (AP & P) because of a perceived conflict. The trial court granted Defendant's request and ordered either the Federal Probation Department or an office of AP & P outside of Salt Lake County to prepare the report.

¶ 3 On September 14, 1999 the trial court continued Defendant's sentencing date to October 29, 1999 because the pre-sentence report was not yet available. Defendant's counsel did not object to the continuance. The matter was continued again on October 29 because Defendant had not been transported from the prison, where he was incarcerated on another offense. Again, Defendant's counsel did not object.

¶ 4 In November, Defendant filed an Objection to Sentencing with the trial court, claiming that the court had lost jurisdiction to sentence him. Counsel for the State and Defendant stipulated to a continuation until

November 19, 1999 to allow the State to respond to Defendant's motion. Sentencing was then continued to November 24, 1999 so Defendant could respond to the State's memorandum. On November 24, 1999, counsel argued their positions regarding the objection to sentencing and the judge denied Defendant's motion. Defendant was sentenced to a term of zero to five years in the Utah State Prison to run concurrently with the term he was already serving.

## ISSUE AND STANDARD OF REVIEW

¶ 5 Defendant contends Rule 22(a) of the Utah Rules of Criminal Procedure is jurisdictional such that the sentencing court loses subject-matter jurisdiction over the case if the defendant is not sentenced within 45 days after conviction or entry of plea. The issue is one of statutory interpretation, which we review for correctness. *See State v. Fixel*, 945 P.2d 149, 151 (Utah Ct.App. 1997).

## ANALYSIS

¶ 6 Defendant asserts that the trial court lost jurisdiction to impose sentence, pursuant to Rule 22(a) of the Utah Rules of Criminal Procedure. Defendant would have us ignore the precedential history in which the time for sentencing under predecessor statutes to Rule 22(a) has consistently been held to be directory and not jurisdictional. *See, e.g., Kelbach v. McCotter*, 872 P.2d 1033, 1035 (Utah 1994) ("the time fixed [for sentencing] by section 77–35–1 is not jurisdictional"); *State v. Helm*, 563 P.2d 794, 797 (Utah 1977) ("the limits so prescribed in the statute are not mandatory and jurisdictional, but are directory"); *Rose v. District Court of Millard County*, 67 Utah 526, 248 P. 486, 488 (1926) (holding court was not without jurisdiction to sentence defendant fourteen days after verdict when statute said sentencing must be within 10 days). Defendant asserts that Rule 22(a) differs significantly from Utah Code Ann. § 77–35–22(a) (1982) and § 77–35–1 (1976), its predecessor statutes. We disagree.

¶ 7 First, Defendant cites the expansion of the time for sentencing from 30 days to 45 days as supporting his position that the rule

is jurisdictional, asserting that the enlarged time provides the court ample time for sentencing. In interpreting section 77–35–1 in *Helm*, the supreme court did not refer to the short time for sentencing as a basis for its decision that the time is directional only. Instead, the court indicated that "egregious injustices might result" if it were to read the statute as jurisdictional. *Helm*, 563 P.2d at 797. Expanding the length of time for sentencing from 10 days in section 77–35–1, to 30 days in section 77–35–22(a), to 45 days in Rule 22(a), most likely merely reflects the reality of a burgeoning criminal case load carried by courts and agencies preparing pre-sentence reports.

¶ 8 Next, Defendant points to the addition of the language "with the concurrence of the defendant." Utah R.Crim.P. 22(a). However, this addition actually supports a reading of the rule as directory and not jurisdictional. We have previously held that subject-matter jurisdiction cannot be waived. *See Transworld Sys., Inc. v. Robison*, 796 P.2d 407, 408 (Utah Ct.App.1990). If Rule 22(a) were truly jurisdictional, a defendant's concurrence could not extend the time. The expiration of the 45 days would be an absolute bar to the court's ability to retain jurisdiction over the matter and pronounce sentence.

¶ 9 Defendant also contends that replacing "must" for "shall" indicates a more mandatory, and thus jurisdictional, standard. The previous statutes provide that the court "must" set a time for sentencing. *See* Utah Code Ann. § 77–35–1 (1976) and § 77–35–22(a) (1982). Rule 22(a) now states that the court "shall" set a time for sentencing. *See* Utah Rule Crim.P. 22(a). We find no indication that either word is more or less mandatory than the other. "Shall" and "must" have both been interpreted as mandatory, *see Lyon v. Burton*, 2000 UT 19, ¶ 76, 5 P.3d 616, and *Board of Educ. of Granite Sch. Dist. v. Salt Lake County*, 659 P.2d 1030, 1035 (Utah 1983), and as directory, *see Kennecott Copper v. Salt Lake County*, 575 P.2d 705, 706 (Utah 1978). The supreme court declared that "'[t]here is no universal rule by which directory provisions may, under all circumstances, be distinguished from those which are mandatory.'" *Kennecott*, 575 P.2d at 706 (quoting 1A Sutherland Statutory Construction § 25.03 (4th ed.)).

¶ 10 In support of his argument, Defendant also refers to *State v. Price,* 837 P.2d 578 (Utah Ct.App.1992), where we held Utah Code Ann. § 77–13–6 (1999) to be jurisdictional. In *Price,* we reviewed section 77–13–6(2)(b), which provides: "A request to withdraw a plea of guilty or no contest is made by motion and shall be made within 30 days after the entry of the plea." In reviewing the timeliness of the defendant's motion to withdraw a plea, we held the 30–day limit in the statute to be jurisdictional. Defendant claims that the similarity in the language used in Rule 22 and section 77–13–6 (as well as Rules 4 and 48 of the Utah Rules of Appellate Procedure) supports a jurisdictional reading of Rule 22. Defendant fails, however, to acknowledge the difference between them. Section 77–13–6 (giving the time period for a plea withdrawal), Rule 4 (setting a deadline for a notice of appeal) and Rule 48 (setting a deadline for a petition for a writ of certiorari) all direct actions of parties, which are within their own exclusive control. Rule 22, on the other hand, directs the actions of trial courts in a context involving multiple actors—the court, the prosecutor, defense counsel, defendant, and AP & P. Whereas parties have only their own interests to further, courts are charged with balancing the needs of multiple actors and furthering the interests of justice. Courts, therefore, should not be held to the same strictures as individual parties in such situations.

¶ 11 Finally, Defendant argues that even if the rule is not jurisdictional, the delay in sentencing prejudiced him. Defendant, however, has failed to properly preserve this issue for appeal. In arguing Defendant's objection to sentencing, counsel alleged prejudice, but did not offer any supporting evidence. ' "The 'mere mention' of an issue without introducing supporting evidence or relevant legal authority does not preserve that issue for appeal." *State v. Brown,* 856 P.2d 358, 361 (Utah Ct.App. 1993) (citation omitted).

¶ 12 We, like the *Helm* court, emphasize "the desirability of compliance" with the statute instructing the trial court to set a time for sentencing within the prescribed time. *Helm,* 563 P.2d at 797. However, "[i]t

requires no exposition ... to demonstrate what egregious injustices might result because of some inadvertence, error or omission" if the statute were held to be jurisdictional. *Id.* As stated by the *Helm* court, the amount of time a defendant waits to be sentenced should be reasonable, so there is "no abuse of the court's powers," and that "due consideration should be given to any time he may have served because of the delay." *Id.*

¶ 13 A factor in determining the reasonableness of the sentencing delay is whether the delay "was calculated to be for [the defendant's] possible benefit in determining whether he should be placed on probation." *Id.* In this case, the trial court continued sentencing by granting Defendant's request that a pre-sentence report be prepared by an agency with no potential bias against Defendant, and so that Defendant could be present for his sentencing. Given these circumstances, the delay in sentencing was reasonable.

¶ 14 By concluding that Rule 22(a), like its predecessor statutes, is directory, we adhere to the basic concepts of justice recognized by the *Helm* court, that the defendant "should not be entitled to go free, but should be entitled to have the correct sentence imposed upon him." *Id.* We, too, can see the potential for a miscarriage of justice if a properly convicted defendant is allowed to escape the consequences of his crime merely because the trial court exceeded the 45 days mentioned in Rule 22(a).

## CONCLUSION

¶ 15 Rule 22(a), like its predecessor statutes, is to be read as directory, not jurisdictional. The trial court's motions to continue the sentencing date were made in the interest of imposing a fair and just sentence upon Defendant and sentencing ultimately occurred within a reasonable time. Therefore, we affirm.

¶ 16 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge, and GREGORY K. ORME, Judge.