2002 UT App 297

**STATE of Utah, Plaintiff and Appellee,**

v.

**Joseph B. SCHULTZ, Defendant and Appellant.**

**No. 20010908–CA.**

Court of Appeals of Utah.

Sept. 19, 2002.

J. Thomas Bowen, Midvale, for Appellant.

Mark L. Shurtleff, Atty. Gen., and Sharel S. Reber, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before BILLINGS, Associate P.J., BENCH, and DAVIS, JJ.

## OPINION

DAVIS, Judge:

¶ 1 Defendant Joseph B. Schultz (Schultz) challenges the trial court's denial of his motion to set aside a civil judgment to enforce restitution and to quash a writ of garnishment filed by the victim. We reverse.

## BACKGROUND

¶ 2 On October 17, 1983, Schultz was sentenced to the Utah State Prison. Approximately five-and-one-half years later, the Utah Board of Pardons and Parole (Board) ordered that Schultz be released on parole effective October 26, 1993. In September 1993, the Board concluded at a Special Attention Review that as a condition of Schultz's parole he was to pay restitution in an amount "TBD" (to be determined). Prior to his release, the Board ordered that Schultz's parole agreement be amended to include the restitution. Schultz assented to the special condition in the parole agreement that he would "[p]ay restitution of $TBD CASE # " by specifically initialing the restitution provision in his parole agreement.

¶ 3 Schultz paid nothing, and on October 23, 1996, two days before his sentence and parole were to terminate, a restitution hearing was held. The hearing officer determined that a full parole revocation hearing before the Board would be required because of Schultz's failure to pay restitution. At that time, Schultz's parole termination date was suspended. The Board then issued an arrest warrant on the ground that the failure to pay restitution was a parole violation and released Schultz on his own recognizance pending a parole violation hearing. Howev-

er, the Board never held a formal hearing concerning whether Schultz violated his parole by failing to pay restitution.

¶ 4 The Board did, however, conduct a Special Attention Hearing on April 22, 1997, where it established that Schultz's sentence and parole would be terminated effective August 4, 1997. The Board's hearing decision, issued August 5, 1997, included a "[r]equest for restitution ... to be forwarded to the Sentencing Court." Two days later, an amount of restitution—$3,798.43—was calculated and approved by the Board. A copy of the hearing results was mailed to Schultz on August 15, 1997.

¶ 5 On September 8, 1997, the Board issued and signed an order of restitution for Schultz to pay $3,798.43 to the victim. The trial court signed and approved the restitution order on September 17, 1997. In March 2001, after an application was submitted by the victim, the Second District Court issued a writ of continuing garnishment to be imposed against the wages of Schultz. Schultz filed an objection to the garnishment and a motion to set aside the civil monetary judgment, which the court ultimately denied.

## ISSUE AND STANDARD OF REVIEW [1]

¶ 6 Schultz challenges the trial court's denial of his motion to set aside judgment by contending that the Board's original restitution order, dated September 8, 1997, and signed by the court on September 17, 1997, was invalid because the Board did not have jurisdiction to issue the order since the Board had terminated his sentence and parole effective August 4, 1997. "[B]ecause the paramount issue in this case is a question of statutory construction," whether the Board had jurisdiction to issue the restitution order is a question of law reviewed for correctness. *Taghipour v. Jerez*, 2002 UT 74, ¶ 8, 52 P.3d 1252.

## ANALYSIS

¶ 7 Schultz argues that the Board's restitution order was ineffective because the Board's jurisdiction ended when his sentence and parole were terminated on August 4, 1997. The jurisdiction of the Board extends to all "persons committed to serve sentences in class A misdemeanor cases at penal or correctional facilities which are under the jurisdiction of the Department of Corrections, and all felony cases except treason or impeachment or as otherwise limited by law." Utah Code Ann. § 77–27–5(1)(a) (Supp. 2002).[2] Further, the Board's jurisdiction over offenders subject to pardon or parole and offenders having their sentences commuted or terminated includes "any offender committed to a penal or correctional facility under the jurisdiction of the Department of Corrections for a felony or class A misdemeanor." *Id.* § 77–27–9(1)(a) (1999). Thus, the Board has jurisdiction over any offender committed to serve a sentence at a state penal or correctional facility for a class A misdemeanor or felony, with exceptions, and any offender on parole.

¶ 8 An action to terminate a prison sentence and parole supervision is within the exclusive authority of the Board. *See id.* § 77–27–5(1); *see also State v. Schreuder*, 712 P.2d 264, 277 (Utah 1985). In addition, there is no question that the Board has independent authority to impose restitution. *See* Utah Code Ann. § 77–27–5(1); *see also Monson v. Carver*, 928 P.2d 1017, 1025 (Utah 1996); *Stilling v. Utah Bd. of Pardons & Parole*, 933 P.2d 391, 392 (Utah Ct.App. 1997). The Board also has the authority to "impose any court order for restitution." Utah Code Ann. § 77–27–6(2) (Supp.2002). However, once a defendant is terminated from parole and outstanding restitution remains, the matter is "referred to the district court for civil collection remedies." *Id.* § 77–27–6(4). Thus, at the time a defendant's sentence and parole are terminated,

---

1. Because we hold that the Board did not have jurisdiction over Schultz at the time the restitution order was issued, we need not address the issues of whether the Board failed to follow the statutory requirements for imposing restitution or whether the victim may enforce a restitution order issued by the Board and by the trial court.

2. For convenience, we cite to the most recent version of the Utah Code. There has been no significant change to the statute that would affect our analysis.

the Board must "forward a restitution order to the sentencing court to be entered on the judgment docket." *Id.* Although the statute does not expressly provide a deadline for submitting a restitution order to the sentencing court, we conclude that the restitution order must be executed prior to the termination of a sentence and parole. Otherwise, the Board could indefinitely extend its authority to those no longer under its jurisdiction.

¶ 9 Simply put, the Board cannot enforce parole conditions after the termination of a defendant's sentence and parole supervision. "If the Board could assert jurisdiction over a former parolee at any time after formal termination from parole, ... a person whose sentence had been formally terminated could be subject to the Board's jurisdiction for an indefinite time." *Petersen v. Utah Bd. of Pardons,* 907 P.2d 1148, 1153 (Utah 1995). In *Petersen,* the Utah Supreme Court recognized that statutory provisions governing the Board's authority to incarcerate an offender for a parole violation are not "unlimited." *Id.* In addition, the purpose behind limiting the time for revocation to the statutory parole period was to "set a certain time after which a parolee is freed from the jurisdiction of the Board and allowed to resume a normal life." *Id.* Also, the court acknowledged that the legislature "did not intend that a person whose sentence ended by termination of his parole should be indefinitely subject to the Board's jurisdiction, possibly for the remainder of his life." *Id.*

¶ 10 Furthermore, in the analogous situation of a court's jurisdiction over a probationer, Utah courts have recognized that a trial court loses authority to take action (i.e. revoke probation) after the expiration of the probation period set by statute. *See Smith v. Cook,* 803 P.2d 788, 795 (Utah 1990) (holding jurisdiction is maintained if notice of revocation proceeding is given to probationer within probation period); *State v. Green,* 757 P.2d 462, 464 (Utah 1988) (noting that defendants "would be left in a perpetual state of limbo" by having probation appear to be terminated but being subject to a continued term of fictional supervision); *State v. Rawlings,* 893 P.2d 1063, 1069 (Utah Ct.App.1995)

(stating that court lacks authority to extend probation period if no notice or hearing is provided within probation period).

¶ 11 In this case, the Board decided that a restitution order should be issued after holding a Special Attention Hearing on April 22, 1997. The Board executed the restitution order for the outstanding restitution amount of $3,798.43 on September 8, 1997, over a month after Schultz's sentence and parole were terminated. The trial judge signed the order on September 17, 1997, in accordance with Utah Code Ann. § 77–27–6(4).

¶ 12 It is undisputed that the Board had jurisdiction over Schultz until his sentence and parole were terminated on August 4, 1997. However, by the time the Board issued the restitution order, Schultz was no longer an "offender committed to a penal or correctional facility" or an offender on parole. Utah Code Ann. § 77–27–9(1)(a). Thus, the Board did not have jurisdiction over Schultz at the time it forwarded the restitution order to the sentencing court to be entered as a civil judgment.

¶ 13 Also, Schultz was not immediately notified, nor was a hearing held to determine that restitution grounded on a past termination order would be enforced after the termination of his sentence and parole. The restitution hearing in October 1996 would not constitute sufficient notice or hearing because that hearing resulted in a determination to have the Board hold a full parole revocation hearing. The Board never held such a hearing, and, six months later, the Board decided to terminate Schultz's sentence and parole. Furthermore, there is nothing in the record that indicates Schultz was actually notified prior to the termination of his sentence and parole that, as a result of the Special Attention Hearing in April 1997, the restitution order was to be issued.

¶ 14 The Board could have easily issued and forwarded the restitution order to be entered into the judgment docket of the sentencing court prior to the termination of Schultz's sentence and parole. However, under the circumstances, the restitution order was issued when the Board no longer had jurisdiction over Schultz. Therefore, the or-

der has no effect. Because the Board had no jurisdiction to issue the restitution order, the sentencing court also did not have jurisdiction to enter the restitution order as an enforceable civil judgment.

¶ 15 The State contends that the Board had issued the order of restitution while Schultz was under its jurisdiction when it concluded at the April 22, 1997 Special Attention Hearing that restitution was to be imposed. We disagree.[3] As a result of the hearing, the Board concluded that Schultz's sentence and parole would be terminated effective August 4, 1997. The Board also recommended that a civil judgment be entered against Schultz for payment of restitution owed. The decision from the hearing was not an order of restitution, as evidenced by the actual restitution order issued by the Board on September 8, 1997. If the hearing results could be deemed an official order, as argued by the State, then the Board would have simply forwarded the hearing results to the trial court for entry as a judgment. In addition, the Special Attention Hearing decision merely stated that a request for restitution would be forwarded to the sentencing court, not that the results constituted a formal order of restitution.

¶ 16 The language of the decision clearly shows that Schultz's sentence and parole termination were the result of the hearing held in April. The hearing decision reads as follows:

> Terminate sentence and parole effective 08/04/97. OTHER: Request for restitution of $3798.43 is to be forwarded to the Sentencing Court for a Civil Judgement.

The decision indicates that the result of the hearing was to terminate Schultz's sentence and parole and, separately, a "request" that a restitution order be submitted to the sentencing court. Although the decision of the April 1997 Special Attention Hearing was not formally issued until August 5, 1997, this had

no impact on the fact that the termination of Schultz's parole and sentence became effective on August 4, 1997, or the fact that the restitution order was not issued and forwarded to the trial court until September 8, 1997, after the Board had lost jurisdiction.

¶ 17 The State also argues that the restitution order "relates back" to the Special Attention Hearing on April 22, 1997. We do not consider this an appropriate case to, in effect, deem the September 8, 1997 restitution order nunc pro tunc. Nunc pro tunc orders may be used to correct an omission or error. *See Southwick v. Leone*, 860 P.2d 973, 978 (Utah Ct.App.1993). In this case, there was no omission or error that was being corrected by the Board when it issued a restitution order for the sentencing court to impose a civil judgment against Schultz. In addition, the Board "cannot circumvent [the termination of Schultz's sentence and parole] and bootstrap its authority to act simply by issuing a nunc pro tunc order relating back" to when he was under the Board's jurisdiction. *Id.; see also In re Daoud*, 16 Cal.3d 879, 129 Cal.Rptr. 673, 549 P.2d 145, 147 (1976) (stating that a court cannot revive lapsed jurisdiction after expiration of probation by issuing nunc pro tunc order). Thus, the Board cannot revive its jurisdiction over Schultz merely by claiming that the order relates back to the Special Attention Hearing where the Board concluded that a request for restitution was to be forwarded to the sentencing court.

¶ 18 In sum, the Board has statutory authority to submit to the sentencing court a restitution order to be entered on the judgment docket so that restitution can continue to be collected after the Board no longer has jurisdiction. *See* Utah Code Ann. § 77–27–6. However, once an offender's parole and sentence have been terminated, the Board loses jurisdiction to take that action.

---

3. We also reject the State's argument that the parole agreement itself was an order. The parole agreement imposed conditions for parole supervision, one of which was restitution. However, once Schultz's parole and sentence were terminated on August 4, 1997, the agreement was no longer summarily enforceable under Utah Code Ann. § 77–27–6(4) (Supp.2002). Also, the parole agreement was not an order of restitution, as evidenced by the Board's formal order submitted to the trial court on September 8, 1997. If the agreement was considered to be an order, the Board would have simply forwarded the agreement to be entered as a civil judgment.

## CONCLUSION

¶ 19 We conclude that the jurisdiction of the Board extends to actions taken against an offender that has committed a class A misdemeanor or felony who is serving a sentence in a penal or correctional facility or is on parole, with certain statutory exceptions. In addition, the Board has the authority to issue restitution orders. However, such orders must be issued while an offender is under its jurisdiction. In this case, the Board issued the restitution order after the termination of Schultz's sentence and parole. At that time, the Board no longer had jurisdiction over Schultz. Therefore, the sentencing court's entry of the order on its judgment docket is equally invalid.

¶ 20 Accordingly, we reverse the trial court's denial of Schultz's motion to set aside the civil judgment to enforce restitution.

¶ 21 I CONCUR: JUDITH M. BILLINGS, Associate Presiding Judge.

¶ 22 I CONCUR IN THE RESULT ONLY: RUSSELL W. BENCH, Judge.