**2015 UT App 220**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
RICHARD SHAN POOLE,
Defendant and Appellant.

Opinion
No. 20131099-CA
Filed August 27, 2015

Third District Court, Salt Lake Department
The Honorable Katie Bernards-Goodman
No. 121900656

Nathalie S. Skibine and Neal G. Hamilton, Attorneys
for Appellant

Sean D. Reyes and John J. Nielsen, Attorneys
for Appellee

JUDGE STEPHEN L. ROTH authored this Opinion, in which JUDGES
GREGORY K. ORME and MICHELE M. CHRISTIANSEN concurred.
JUDGE MICHELE M. CHRISTIANSEN filed a separate opinion, in
which JUDGE GREGORY K. ORME concurred.

ROTH, Judge:

¶1     Richard Shan Poole appeals the district court's order of
restitution, arguing that the court lacked jurisdiction to enter it.
We vacate the restitution order.

BACKGROUND

¶2     Poole pleaded guilty to criminal mischief after he "drove
his friend to a Rio Tinto location" so the friend could break in
and "cause[] several thousands [of dollars] worth of damage to

[Rio Tinto's] property." As part of the plea agreement, Poole agreed to "joint and several liability for restitution." On August 3, 2012, the district court imposed a sentence of zero-to-five years in prison, which it then suspended in favor of three years of probation. The court also converted Poole's fines to community service because Poole was going to have "a bunch of restitution . . . to pay off." At sentencing, the State had only a preliminary estimate of damages from Rio Tinto. To give the State an opportunity to obtain a final amount, the court agreed to hold restitution open for up to one year as permitted by the Crime Victims Restitution Act (the Restitution Act), *see* Utah Code Ann. § 77-38a-302(2)(b), (5) (LexisNexis Supp. 2013), but the court directed the State to submit its restitution request within ninety days of sentencing. The State failed to do so.

¶3 Later, Poole violated the terms of his probation, and on February 1, 2013, the district court modified his probation to require him to serve 300 days in the Salt Lake County jail, where he was to complete the Correctional Addiction Treatment Services (CATS) program. The judge indicated that she would consider early release from jail if Poole completed the CATS program. Poole successfully completed the CATS program, and on May 31, 2013, the court released him from custody. The State did not object.

¶4 On July 10, 2013, the State moved for an order of restitution. Poole objected, asserting that as of May 31, his case had been closed and, thus, the district court no longer had jurisdiction to enter restitution. The State responded that its request for restitution was timely because the court had held restitution open for one year from sentencing and the State had filed its motion within that one-year period. Alternatively, the State argued that the statutory time limitations governing restitution are not jurisdictional, and cited the United States Supreme Court's decision in *Dolan v. United States*, 560 U.S. 605 (2010), to support its contention. The district court agreed with

the State that its jurisdiction to order restitution continued for one year after sentencing, particularly where the court had expressly indicated its intent to hold restitution open for that period. Accordingly, on November 1, 2013, the court entered a restitution order for $7,270. Poole appeals.

## ISSUE AND STANDARD OF REVIEW

¶5    Poole challenges the court's jurisdiction to enter the restitution order.[1] "[J]urisdiction to order restitution in a criminal case is statutory," and therefore, "we must interpret relevant Utah statutes to resolve this issue." *State v. Dickey*, 841 P.2d 1203, 1204–05 (Utah Ct. App. 1992) (citation and internal quotation marks omitted). "Construction of statutes poses a question of law which we review on appeal for correctness without deference to the trial court." *Id.* at 1205.

## ANALYSIS

¶6    Poole makes two alternative arguments in support of his claim that the district court could not order him to pay restitution more than a year after his sentencing. First, he contends that once the district court closed his case after he had completed the CATS program, it no longer had jurisdiction to order restitution. Alternatively, he asserts that even if the court retained jurisdiction, it failed to order restitution within the time

---

1. Poole also makes some related constitutional claims. Because we decide the case on the basis that the district court lacked jurisdiction to enter restitution, we do not need to address the constitutional arguments. *See West v. Thomson Newspapers*, 872 P.2d 999, 1004 (Utah 1994) ("[C]ourts should avoid reaching constitutional issues if the case can be decided on other grounds.").

period prescribed by the Restitution Act. We conclude that although the district court did not close the case, it lacked authority to order restitution after the one-year time period expired.

¶7    The Restitution Act authorizes a district court to enter an order of restitution "for conduct [resulting in pecuniary damages] for which the defendant has agreed to make restitution as part of a plea disposition." Utah Code Ann. § 77-38a-302(1) (LexisNexis Supp. 2013). "'Court-ordered restitution' means the restitution the court having criminal jurisdiction orders the defendant to pay as a part of the criminal sentence at the time of sentencing or within one year after sentencing." *Id.* § 77-38a-302(2)(b). The court "shall make all restitution orders at the time of sentencing if feasible, otherwise within one year after sentencing." *Id.* § 77-38a-302(5)(d)(i).

¶8    First, Poole contends that the court no longer had criminal jurisdiction over him after the court released him from jail and closed the case. In support, Poole cites the principle that "[o]nce a court imposes a valid sentence and final judgment is entered, the court ordinarily loses subject matter jurisdiction over the case." *State v. Rodrigues*, 2009 UT 62, ¶ 13, 218 P.3d 610. *Rodrigues*, however, is a prison case. When a defendant is sentenced to prison, jurisdiction transfers from the district court to the Board of Pardons and Parole (the Board) once the sentence and final judgment are entered. In this case, however, Poole's prison sentence was suspended, and he was placed on probation under the continuing jurisdiction of the district court. *See* Utah Code Ann. § 77-18-1(2)(b)(iii) (LexisNexis Supp. 2014) ("The court has continuing jurisdiction over all probationers."). Thus, the district court retained jurisdiction over Poole until his probation ended and his case was closed.

¶9    We are not persuaded that the district court closed Poole's case once he completed the CATS program and was released from jail. At the probation violation hearing, the court indicated

its willingness to close out Adult Probation & Parole's (AP&P) interest in supervising Poole because the court did not anticipate that he would continue under AP&P supervision once he was released from jail. The court also seemed to suggest that it might close the case entirely, but the court's statement was anticipatory and therefore equivocal:

> When he gets out of CATS, why don't we set it for review and we'll decide whether to close at that point. Well, we'll close AP&P's interest. What I mean is you'll be done.

But the minute entry from the same hearing states simply, "Close case," without a qualifying reference to AP&P, and Poole argues that this means the court closed the case. We conclude, however, that in context, the minute entry indicates, at best, the court's intention to close the case after Poole had in fact completed CATS and been released from jail. But once Poole was eventually released, having successfully completed CATS, the court made no further entry in the record stating that the case was actually closed. Indeed, because Poole had agreed to restitution as part of his plea agreement and the court had stated that it planned to order restitution and had expressly held restitution "open for . . . [s]tatutorily a year," the court's statement at the probation violation hearing cannot reasonably be read to mean that the case was to automatically close upon Poole's release from incarceration. Because we determine that the case was never closed, we conclude that the district court retained jurisdiction to order restitution after it released Poole from custody in May 2013.[2]

―――――――――――――――

2. Resolution of this appeal does not require us to decide whether a district court's decision to close a case within one year of sentencing strips it of jurisdiction to subsequently order

(continued…)

¶10   Poole next asserts that even if the court retained jurisdiction over his case after he was released from jail, the court nevertheless lacked jurisdiction to enter the restitution order because the Restitution Act provides that restitution "shall" be ordered within one year of sentencing and the one-year period ended on August 3, 2013, without such an order. The State responds that because the district court had "ordered Poole to pay restitution, and merely kept the amount issue open," the court retained the power to set restitution even after the one-year period expired. The State alternatively contends that in any event, the one-year period is not jurisdictional but is instead a directory guideline making compliance desirable but not mandatory. *See generally Beaver County v. Utah State Tax Comm'n*, 919 P.2d 547, 552 (Utah 1996) (distinguishing between directory and mandatory time requirements contained in statutes).

¶11   With respect to the State's first argument, it is undisputed that there was no final order of restitution in this case until November 1, 2013, nearly fifteen months after the August 3, 2012, sentencing. The Restitution Act requires that the district court "determine . . . court-ordered restitution" and "make all restitution orders" no later than one year from sentencing. Utah Code Ann. § 77-38a-302(2)(b), (5)(d)(i). We do not read the one-year requirement for "mak[ing]" a restitution order as contemplating an order that does not include an amount and is therefore incomplete. Rather, the statute defines "'court-ordered restitution'" as "the restitution the court having criminal jurisdiction *orders* the defendant *to pay* as a part of the criminal sentence . . . within one year after sentencing." *Id.* § 77-38a-302(2)(b) (emphasis added). Thus, the provision plainly requires that an order of restitution with a sum certain be issued within a

---

(…continued)

restitution before the year has passed. We therefore leave that question for another day.

year; the language does not reasonably stretch to fit the mere filing of a motion for restitution or a court's statement of intent to set restitution at some future date. Thus, the court's statements at sentencing that it planned to order restitution upon receiving evidence of the amount owed—even if those statements established a condition of probation—did not meet the statutory requirement for a final restitution order. *Cf. State v. Schultz*, 2002 UT App 297, ¶¶ 2–4, 8–9, 56 P.3d 974 (addressing a jurisdictional question but noting that restitution had not yet been ordered even though the Board had said it would order restitution, and the defendant had agreed to pay restitution, but no restitution order with an amount had been entered prior to termination of sentence). Because the district court did not enter a restitution order within one year of sentencing, we now turn to the parties' contentions about the jurisdictional nature of the time requirement.

¶12    "Whether a statutory time frame is jurisdictional depends on whether the statute's time designation is 'directory' or 'mandatory.'" *Beaver County*, 919 P.2d at 552. A time designation is "mandatory, and therefore jurisdictional, if it is of the essence of the thing to be done." *Id.* (citation and internal quotation marks omitted). On the other hand, a time designation is "merely directory, and therefore not jurisdictional, if it is given with a view merely to the proper, orderly and prompt conduct of the business and by the failure to obey no prejudice will occur to those whose rights are protected by the statute." *Id.* (citation and internal quotation marks omitted).

¶13    The State urges us to employ the analysis used in *Dolan v. United States*, 560 U.S. 605 (2010), to determine if the time designation for the district court's entry of restitution is mandatory or jurisdictional. The *Dolan* Court considered whether a timing requirement in a federal statute governing restitution was mandatory or discretionary. *Id.* at 609–11. We decline to use the *Dolan* analysis because we conclude that the

plain language of the Restitution Act sufficiently communicates a legislative mandate that district courts order restitution in criminal cases within one year of sentencing.

¶14     The pertinent language in the Restitution Act reads,

> Except as provided in Subsection (5)(d)(ii) [concerning the Board's authority to order restitution for persons in its custody], the court *shall* determine complete restitution and court-ordered restitution, and *shall* make all restitution orders at the time of sentencing if feasible, otherwise within one year after sentencing.

Utah Code Ann. § 77-38a-302(5)(d)(i) (LexisNexis Supp. 2013) (emphasis added); *see also id.* § 77-38a-302(2)(b) ("'Court-ordered restitution' means the restitution the court having criminal jurisdiction orders the defendant to pay as a part of the criminal sentence at the time of sentencing or within one year after sentencing."). The use of "shall" "is usually presumed mandatory and has been interpreted as such previously in this and other jurisdictions." *Board of Educ. of Granite Sch. Dist. v. Salt Lake County*, 659 P.2d 1030, 1035 (Utah 1983); *accord Aaron & Morey Bonds & Bail v. Third Dist. Court*, 2007 UT 24, ¶ 14 n.2, 156 P.3d 801. But because "shall" has been interpreted to mean "may" in some cases, *see State v. Tyree*, 2000 UT App 350, ¶ 9, 17 P.3d 587 (observing that there is "no universal rule by which directory provisions may, under all circumstances, be distinguished from those which are mandatory" (citation and internal quotation marks omitted)), we consider the Restitution Act's plain language in the context of its judicial and legislative history.

¶15     In *State v. Schulz,* 2002 UT App 297, 56 P.3d 974, we considered whether the Board had jurisdiction to order restitution once parole had terminated. At the time, neither the Restitution Act nor the statute governing the Board's authority

over restitution[3] provided any time limit for entering a restitution order. *Compare* Utah Code Ann. § 77-38a-302 (LexisNexis Supp. 2002) (restitution criteria under the Restitution Act), *with id.* § 77-27-6 (payment of restitution under the Pardons and Parole chapter). In *Schulz,* prior to the defendant's release on parole, the Board "ordered that [the defendant's] parole agreement be amended to include the restitution" for the victim. *Schultz*, 2002 UT App 297, ¶ 2. The defendant "assented to the special condition in the parole agreement that he would '[p]ay restitution of $TBD.'" *Id.* (alteration in original). The restitution amount in that case was not determined before Schulz's parole ended, however, and he made no restitution payments. *Id.* ¶ 3. Later, after Schulz's sentence terminated and his parole ended, the Board issued an order requiring Schulz to pay restitution in the amount of $3,798. *Id.* ¶¶ 3–4. Schulz challenged on appeal the Board's authority to order restitution, arguing that "the Board's jurisdiction ended when his sentence and parole were terminated." *Id.* ¶ 7. This court recognized that the Board was authorized to order restitution so long as the defendant was still within the Board's custody or supervision. *Id.* ¶ 8. We concluded, however, that once the "defendant [was] terminated from parole," the Board's jurisdiction ended. *Id.* Although the Restitution Act did not

---

3. The restitution section of the Pardons and Parole chapter of the Utah Code directs the Board "to make restitution pursuant to . . . [the] Restitution Act." Utah Code Ann. § 77-27-6(1) (LexisNexis Supp. 2002) (current version at *id.* (LexisNexis 2012)). Thus, these two provisions must be interpreted together. *See LPI Servs. v. McGee*, 2009 UT 41, ¶ 11, 215 P.3d 135 (explaining that appellate courts are to "read the plain language of the statute as a whole[] and interpret its provisions in harmony with other statutes in the same chapter and related chapters" (alteration in original) (citation and internal quotation marks omitted)).

"expressly provide a deadline" for entry of an order of restitution, we concluded that "the restitution order must be executed prior to the termination of a sentence and parole. Otherwise, the Board could indefinitely extend its authority to those no longer under its jurisdiction." *Id.* In other words, we concluded in *Schulz* that the legislature intended the Board's jurisdiction over a defendant to terminate with the end of the sentence and parole.[4]

¶16   In 2005, the Utah Legislature made a number of modifications to the Board's and the district court's authority to make orders of restitution. First, the legislature extended the authority of the Board to order restitution for a short period beyond the termination of a sentence: "[T]he [B]oard shall make all orders of restitution within 60 days after the termination or expiration of the defendant's sentence." Utah Code Ann. § 77-27-6(2)(c) (LexisNexis 2012).[5] We note that in affording the Board a period of time to order restitution after its jurisdiction over a defendant would otherwise have ended, the legislature did not

---

4. Once a defendant is sent to prison, the Board, with certain limited exceptions, has exclusive authority to determine how the defendant serves his or her sentence. Utah Code Ann. § 77-27-9 (LexisNexis 2012). The Board may keep the defendant in prison until the end of his sentence term or release him on parole for some length of time up to the maximum length of the sentence. *See id.*; *State v. Schultz*, 2002 UT App 297, ¶ 8, 56 P.3d 974 ("An action to terminate a prison sentence and parole supervision is within the exclusive authority of the Board."). The Board retains jurisdiction over the defendant until the date parole ends or, if no date is set, the date that the maximum sentence expires.

5. There have been no substantive amendments to the pertinent code sections since the 2005 amendments. Accordingly, we cite the current version for the reader's convenience.

choose an approach that undermined *Schultz*'s interpretation of the statute as jurisdictional but simply extended the Board's jurisdiction to order restitution by a specific number of days.

¶17 In conjunction with this amendment, the legislature also modified the Restitution Act. Prior to 2005, the Restitution Act, like the statute addressing the Board's restitution authority, did not set a time limit for a district court to order restitution. *See id.* § 77-38a-302 (LexisNexis Supp. 2002 & 2003). But in 2005, the legislature amended the act to provide that the district court "shall make all restitution orders at the time of sentencing if feasible, otherwise within one year after sentencing." *Id.* § 77-38a-302(5)(d)(i) (LexisNexis Supp. 2013). As part of that same amendment, the legislature also clearly defined the boundaries between the district court's authority and the Board's:

> (d)(i) Except as provided in Subsection (5)(d)(ii), the court . . . shall make all restitution orders at the time of sentencing if feasible, otherwise within one year after sentencing.
> (ii) Any pecuniary damages that have not been determined by the court within one year after sentencing may be determined by the Board of Pardons and Parole.
> (e) The Board of Pardons and Parole may, within one year after sentencing, refer an order of judgment and commitment back to the court for determination of restitution.

*Id.* § 77-38a-302(5)(d)–(e). Thus, where a defendant is sentenced to prison and thereby committed to the authority of the Board, the district court retains jurisdiction to determine restitution for a year, after which the Board has sole responsibility. During that year, the Board can refer the case back to the district court for a restitution determination. Once the year has ended, however, there is no provision for the district court's continued involvement, other than perhaps to complete a process of

referral timely begun by the Board. The amendments thus ensure that there can be no confusion about who has the authority to address restitution at any particular point after sentencing results in a prison commitment.[6]

¶18    Thus, the Restitution Act's use of "shall" in establishing the one-year time limitation on the district court's authority to order restitution after a prison commitment must be interpreted as mandatory rather than directory. And where the "shall" is clearly mandatory in establishing the demarcation between the restitution authority of the district court and the Board when a defendant is ordered to prison, we are loathe to ascribe a merely directory meaning to the same word and phrase in the context of a district court's authority to order restitution where the prison sentence is suspended and probation is ordered. In other words, we are not persuaded that the legislature meant the same provision to be mandatory in one context and not in the other, when neither the language nor the broader subject matter of the amendments seem to contemplate such an inconsistent interpretation. Rather, the plain language in context supports a conclusion that the legislature intended a consistent reading of the Restitution Act, regardless of whether the defendant was

---

6. The legislative history suggests that the legislature had this in mind when it amended the Restitution Act. During a floor debate, the bill's sponsor, Senator Gregory S. Bell, stated that one of the goals of the amendments was to eliminate "doubt about whether [the courts] have jurisdiction" to order restitution after "the defendant is committed to prison" by establishing "a bright line as to when the judge has jurisdiction versus the parole board."  Recording of Utah Senate Floor Debates, S.B. 94, 56th Leg., Gen. Sess. (Jan. 26, 2005), *available at* http://utahlegislature.granicus.com/MediaPlayer.php?clip_id=85 48&meta_id=444501.

sentenced to prison or probation. Further, reading the "shall" as mandatory seems warranted where the statute indicates a preference that "all restitution orders" ordinarily be made "at the time of sentencing," but then provides a one-year grace period to complete the process should it not prove "feasible" to resolve the matter at the preferred point in the process. *See* Utah Code Ann. § 77-38a-302(5)(d)(i).

¶19 We recognize that this interpretation of the Restitution Act does limit the period for ordering restitution to one year for probationers while the time for ordering restitution in the case of those imprisoned could be longer, up to the length of the sentence plus sixty days. We might also surmise that it would make sense to extend the time for a district court to enter an order of restitution until the end of probation, just as the time for the Board to order restitution extends to the termination of sentence (and sixty days beyond). But the differential treatment is mandated by the Restitution Act's plain language, and even if the legislature might have chosen a different approach had the issue we now confront been anticipated at the time, it is not our role to make such a change on our own. *See Lindsay v. Walker*, 2015 UT App 184, ¶ 24 ("Our constitutional responsibility is not to redefine the line based upon competing considerations (even when those considerations may be compelling), but to interpret the statute as written."). Moreover, the plain language interpretation does not necessarily work an unanticipated result. By limiting the district court's authority to order restitution to just one year, the legislature may have deliberately balanced the victim's right to obtain restitution through the criminal process with the probationer's interest in finality as to the terms of his or her sentence.

¶20 For these reasons, we conclude that the one-year time period provided for a district court's imposition of an order of restitution is not "given with a view merely to the proper, orderly and prompt conduct of the business" but rather is a

statutory mandate that is likely to result in "prejudice . . . to those whose rights are protected by the statute" if compliance is not required. *See Beaver County v. Utah State Tax Comm'n*, 919 P.2d 547, 552 (Utah 1996) (citation and internal quotation marks omitted). Because the time frame set by the Restitution Act "is of the essence of the thing to be done," *see id.* (citation and internal quotation marks omitted), strict compliance with the one-year limitation for an order of restitution is required.

¶21    The district court in this case did not enter a restitution order until it established the amount of restitution on November 1, 2013, which was nearly fifteen months after sentencing. Thus, the court failed to "make all restitution orders . . . within one year after sentencing." *See* Utah Code Ann. § 77-38a-302(5)(d)(i) (LexisNexis 2012). As a result, the district court lacked authority to order Poole to pay $7,270 to Rio Tinto when it did and that order must be vacated.


CONCLUSION

¶22    Although the district court retained jurisdiction to order Poole to pay restitution after he was released from jail, the court failed to enter a final order of restitution within one year of Poole's sentencing date. Accordingly, the order to pay $7,270 in restitution to Rio Tinto is vacated without prejudice as to any other remedy Rio Tinto may have under law to recover its losses from Poole.

———————

CHRISTIANSEN, Judge (concurring):

¶23    Judge Orme and I agree with the lead opinion that the plain language of section 77-38a-302(5)(d) of the Restitution Act requires a district court to determine complete and court-ordered restitution and make all restitution orders within one

year after sentencing a defendant convicted of criminal activity. Accordingly, we must join in the determination that the statute's one-year time period for the imposition of a final order of restitution is a statutory mandate and not a directory provision. But we wish to emphasize the point made by the lead opinion that the restitution statutes referenced in this case set forth an inconsistency and create a situation for probationers that we are not sure was intended by the legislature. *See supra* ¶ 19.

¶24 The inconsistency created by the pertinent statutes in this case is that the Utah Board of Pardons and Parole has the flexibility to order a criminal defendant to pay restitution until sixty days after termination or expiration of his or her sentence, *see* Utah Code Ann. § 77-27-6(2)(c) (LexisNexis 2012), but, as recognized in this case, a district court only has one year from the date of sentencing to impose final restitution even if the court continues to maintain jurisdiction over the defendant for a longer period of time, *see id.* § 76-3-201(4) (Supp. 2014); *id.* § 77-38a-302 (Supp. 2013). As we have seen here, the effect of the one-year time limit on a district court is that restitution will be barred and the victim will not receive compensation when the order is entered too late even though the district court continues to exercise authority over the defendant.

¶25 In its statutory enactments regarding restitution, the Utah Legislature has consistently sought to ensure that criminal defendants engage in rehabilitation, fulfill their responsibility to compensate their victims for losses resulting from their criminal activity, and ensure that victims of crime are made whole after suffering a loss. *See Monson v. Carver*, 928 P.2d 1017, 1027 (Utah 1996) ("[R]estitution is not a 'punishment' but a civil penalty whose purpose is entirely remedial, i.e., to compensate victims for the harm caused by a defendant and whose likely intent is to spare victims the time, expense, and emotional difficulties of separate civil litigation to recover their damages from the defendant."). If one of the main purposes of restitution is to

ensure that victims of crime are made whole, cutting short the time frame in which a district court can impose a final restitution amount seems to contradict that legislative intent of protecting victims, especially where that same district court judge can retain authority over a criminal defendant for much longer than a one-year period. *See* Utah Code Ann. § 77-18-1 (LexisNexis Supp. 2014). The differing time limits for the imposition of restitution between courts and the Board of Pardons and Parole strike us as unwarranted. But "respect for the legislative prerogative in lawmaking requires that the judiciary not interfere with enactments of the Legislature where disagreement is founded only on policy . . . . In matters not affecting fundamental rights, the prerogative of the legislative branch is broad and must by necessity be so if government is to be by the people through their elected representatives and not by judges." *Baker v. Matheson*, 607 P.2d 233, 237 (Utah 1979). Consequently, we would encourage the legislature to address this issue because we cannot.

—————