**2024 UT App 160**

## THE UTAH COURT OF APPEALS

JUSTIN THOMAS CHLARSON,
Appellant,
*v.*
JACQUELINE NICOLE CHLARSON,
Appellee.

Opinion
No. 20230742-CA
Filed November 7, 2024

Second District Court, Farmington Department
The Honorable Michael S. Edwards
No. 204700767

Charles R. Ahlstrom and J Ed Christiansen,
Attorneys for Appellant

Deborah L. Bulkeley and James H. Woodall,
Attorneys for Appellee

JUDGE DAVID N. MORTENSEN authored this Opinion, in which
JUDGES GREGORY K. ORME and AMY J. OLIVER concurred.

MORTENSEN, Judge:

¶1 At issue in this case is a divorce decree that divides equally the *marital portions* of retirement funds. But the question of what the marital portions include implicates a host of complex federal statutes when a military retirement is in play. When analyzed for their plain meaning, the relevant statutes make clear that the retirement pay of a military member who retires due to a permanent disability cannot be considered a marital portion divisible in a state court divorce action. As a result, we reverse the ruling of the district court to the contrary.

BACKGROUND

¶2 Justin and Jacqueline[1] were married in 2012. After a bench trial in 2021, they were divorced. At the time of trial, Justin was serving full time in the military, pending a possible disability retirement.

¶3 In the divorce decree (the Decree), the district court awarded Justin and Jacqueline equal shares of the "marital portions" of all retirement and pension funds. Specifically, the district court ordered,

> The parties will verify retirement/pension funds and equally share the marital portions of those funds (from September 1, 2012 through October 1, 2021). Each party will be responsible for the Orders (including Qualified Domestic Relations Orders and military division Orders) to obtain their interest in the other party's retirement.

¶4 Not long after the Decree was entered, Justin was retired from the military with a disability rating of 100% and nearly twenty-one years of service credited toward retirement. At that point, Justin began receiving two types of pay relevant to this case. First, Justin began receiving *disability compensation*.[2] Disability compensation is the pay awarded under 38 U.S.C. § 1110, which compensates service members for any disability

---

1. Because the parties share a last name, we use their first names for clarity.

2. All parties agree that Justin's disability compensation is not subject to division in the divorce.

caused or aggravated by an injury suffered in the line of duty.[3] *See* 38 U.S.C. § 1110. Second, Justin began receiving *disability retirement pay*. Disability retirement pay is retirement pay that is specifically awarded and calculated under 10 U.S.C. § 1201 (Chapter 61) for service members who are retired due to a disability. *See* 10 U.S.C. § 1201(b)(3).

¶5　　When Justin began receiving his disability retirement pay, he "[refused] to pay anything" to Jacqueline. At the end of 2022, Jacqueline filed a motion to enforce the award of her share of Justin's retirement pay. Justin responded to Jacqueline's motion arguing that his retirement pay was "not subject to division."

¶6　　After an evidentiary hearing, the district court issued an order concluding that Justin must pay Jacqueline her share of his disability retirement pay.[4] The district court's conclusion was premised on the assertion that it was bound by a recent Defense Office of Hearings and Appeals' Claims Appeals Board (DOHA CAB) decision. *See* DOHA CAB Decision, 2016-CL-091608.3 (March 1, 2022).[5] Under the reasoning of that decision, Justin's disability retirement pay was no longer grounded in Chapter 61,

---

3. At first, Justin's monthly disability compensation payments were $3,574.63, but they later increased to $3,885.62.

4. The court determined that Jacqueline was entitled to 21.71% of Justin's disability retirement pay. This was based on the length of their marriage (109 months) divided by the length of Justin's service (251 months) divided between Justin and Jacqueline equally.

5. The DOHA CAB publishes its decisions on the DOHA website. This decision can be accessed at the following link: https://doha.ogc.osd.mil/Claims-Division/DOHA-Claims-Appeals-Board-Decisions/2022-DOHA-Claims-Appeals-Board-Decisions/FileId/168697/ [https://perma.cc/B7N9-CHNG].

and thus his disability retirement pay no longer fell within the exemption which prevents it from being divided at divorce. *See id.* at 6–7. Accordingly, the district court concluded that Justin's retirement income was divisible as a matter of law.

ISSUE AND STANDARD OF REVIEW

¶7    Justin appeals, asserting that the district court erred in determining that his disability retirement pay was subject to division as part of a divorce proceeding. This issue requires us to determine whether 10 U.S.C. § 1408's allowance, *see infra* ¶¶ 9–11, for concurrent receipt of disability retirement pay and disability compensation impacts the exclusion of disability retirement pay from the definition of disposable pay. This is an issue of statutory interpretation reviewed for correctness. *See State v. Poole*, 2015 UT App 220, ¶ 5, 359 P.3d 667.

ANALYSIS

¶8    As stated, the issue presented by this appeal is whether Justin's retirement pay contains any "marital portions." Again, the Decree provides that the "parties will verify retirement/pension funds and equally share the marital portions of those funds." Had the court identified a particular amount that was to be equally divided, this case might be easily resolved by a decision simply enforcing the Decree. However, the district court identified the funds to be divided only as "marital portions," leaving open the question of what falls within that definition.

¶9    The marital portions of a military retiree's pay can include only the funds that state courts are authorized to divide under federal law. Some time ago, the United States Supreme Court held that federal law precluded state courts in divorce proceedings from dividing military retired pay altogether. *McCarty v. McCarty*, 453 U.S. 210, 232–33 (1981). In response to that holding, Congress

enacted the Uniformed Services Former Spouses' Protection Act (USFSPA), which is codified at 10 U.S.C. § 1408. *See Michel v. Michel*, 692 S.E.2d 381, 382 (Ga. 2010).

¶10 Section 1408 grants courts the authority to "treat *disposable retired pay* . . . either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court." 10 U.S.C. § 1408(c) (emphasis added). Thus, state courts can divide retirement payments or other awards between a member and a spouse so long as that award qualifies as disposable retired pay. As a result, the district court's determination that the marital portions of Justin's and Jacqueline's retirements be shared equally is limited by § 1408. Only those funds that qualify as disposable retired pay under § 1408 may be considered a marital portion under the Decree.

¶11 Section 1408 defines disposable retired pay as "the total monthly retired pay to which a member is entitled," subject to certain exclusions, including, as relevant here, the receipt of retirement pay by a member entitled to retired pay under Chapter 61. *Id.* § 1408(a)(4)(A). Justin is such a member.

¶12 Had Justin ended his military career sans his disability, he would have likely retired under 10 U.S.C. § 7314. That section governs the retirement of any enlisted member of the Army who has served between twenty and thirty years. *See id.* § 7314. But Justin did not retire under § 7314; instead, he was retired by the Army under Chapter 61. Specifically, he was retired with a disability rating of 100% and with nearly twenty-one years of service credited toward retirement. In addition to his Chapter 61 disability retired pay, Justin also receives disability compensation under 38 U.S.C. § 1110.

¶13 Until 2004, a retired military member could not receive both disability compensation and disability retirement pay. But in

2004 Congress amended the relevant statute (§ 1414) to allow qualifying members to receive both retired pay and disability compensation. *See id*. § 1414; *Taylor v. Commissioner*, No. 7137-13S, 2017 WL 478286, at *2 n.5 (T.C. Feb. 6, 2017) (describing the change in disability and retirement compensation structure). Section 1414 allows members to receive both types of pay, but it also contains special rules for Chapter 61 retirees:

> The retired pay of a member retired under Chapter 61 of this title with 20 years or more of service . . . is subject to reduction . . . , but only to the extent that the amount of the member's retired pay under Chapter 61 of this title exceeds the amount of retired pay to which the member would have been entitled under any other provision of law based upon the member's service in the uniformed services if the member had not been retired under Chapter 61 of this title.

10 U.S.C. § 1414(b)(1).

¶14    Had Justin retired under § 7314, he would have been eligible for $2,577 of monthly retirement pay. Under his Chapter 61 disability retirement, Justin is eligible for $3,696 of monthly retirement pay. Because his disability retirement pay exceeds what he could have received under a normal retirement, he must waive the additional $1,119. As a result, he is receiving $2,577, the very amount he would have received had he retired under § 7314. Of course, this is no coincidence. The statute dictates that any amount that exceeds a service member's normal retirement pay must be waived if a retiring service member wishes to concurrently receive both disability retirement pay and disability compensation. Consistent with this statutory directive, Justin waived that amount and decreased his retirement pay to the same amount he would have received under § 7314.

¶15 The potential receipt of retirement pay does not, however, alter the actual character of the retirement pay. To be clear, the amount of the payment does not mean that Justin is receiving retirement pay under § 7314. Justin is and always has been receiving Chapter 61 disability retirement pay, with a portion of it waived as required by § 1414.

¶16 The parties, the district court, and the DOHA CAB all use the term CRDP (concurrent retired and disability pay) inconsistently. And it is § 1414 that propelled the use of the acronym. The term CRDP, however, does not appear in the statute. As far as we understand, the acronym describes the concept that members may now receive both their retired disability pay and disability compensation. It is also used to describe the payments received when members opt to waive some of their retirement pay so that they may also receive their disability compensation.

¶17 Jacqueline argues that CRDP is divisible upon divorce. On the other hand, Justin argues that CRDP is not "some sort of new category of pay or entitlement." Rather, he asserts, it is an eligibility status that allows "qualified retirees" to concurrently receive two kinds of already existing entitlements.

¶18 The Supreme Court of Alaska was faced with nearly these exact arguments in *Guerrero v. Guerrero*, 362 P.3d 432 (Alaska 2015). There, a husband and wife had divorced and were litigating over the subsequent property division. *Id.* at 433. After the divorce, the husband was retired from the military for permanent disability under Chapter 61. *Id.* at 434, 438. The wife argued that "CRDP is divisible upon divorce." *Id.* at 441 (cleaned up).

¶19 The court in *Guerrero* explained "CRDP does not change the nature of [a member's] Chapter 61 retirement benefit. [His] benefits come from two sources—Chapter 61 disability retirement and VA disability payments. Neither source is divisible upon

divorce." *Id.* Such is the case here. Justin receives Chapter 61 disability retirement and disability compensation. Neither is divisible.

¶20    The fact that § 1414 references Chapter 61 recipients does not convert all Chapter 61 recipients into § 1414 recipients. A statutory reference to Chapter 61 and a policy change that impacts those recipients does not change the underlying fact that they are receiving retirement pay under Chapter 61.

¶21    Issued seven years after *Guerrero*, the DOHA CAB decision relied on by the district court concludes that because members like Justin are allowed to receive both disability retirement pay and disability compensation under § 1414, they are no longer Chapter 61 recipients; instead, they are § 1414 recipients. DOHA CAB Decision 2016-CL-091608.3 (March 1, 2022). The DOHA CAB thus concludes that members like Justin are "no longer receiving Chapter 61 retired pay as calculated under [Chapter 61]; but [are] being paid *CRDP* based on the principles and calculations under 10 U.S.C. § 1414." *Id.* at 7 (emphasis added). In doing so, the DOHA CAB purported to undertake a plain meaning analysis of the statutes in play. *Id.* at 4.

¶22    We, however, do not adopt the approach of the DOHA CAB for two reasons. First, we are not bound by it. Second, we do not find its reasoning persuasive.

¶23    At oral argument, both parties acknowledged that state courts are not bound by decisions of the DOHA CAB. And the district court here did not explain why it would be bound by such a decision. Further, our research has found no precedent or authority to that effect.

¶24    Of course, we could adopt the DOHA CAB approach if it was the most accurate and natural interpretation of the plain language of the statute as it purports. But it is not. As discussed,

§ 1414 does not use the term CRDP. Nor does it make logical sense to say, as the DOHA CAB does, that a person is "being paid *CRDP*." *Id.* at 7 (emphasis added). CRDP is nothing more than an acronym to capture the fact that under § 1414, a qualifying member may receive both disability compensation and disability retirement pay.

¶25    It is true that only through § 1414 can members receive both disability retirement pay under Chapter 61 and disability compensation under 38 U.S.C. § 1119. But that does not change the fact that they are recipients under Chapter 61. Section 1414 merely alters the original policy that once barred concurrent receipt. In other words, we think the holding of the Supreme Court of Alaska in *Guerrero* was correct and remains so.

¶26    Section 1414 references the statutes that actually entitle members to their pay. 10 U.S.C. § 1414. It says that "a member or former member of the uniformed services who is entitled for any month to retired pay and who is also entitled for that month to veterans' disability . . . is entitled to be paid both for that month." *Id.* § 1414(a)(1). The statute goes on to provide special rules for Chapter 61 retirees. *Id.* § 1414(b). While § 1414 makes it possible for retirees to receive two types of pay concurrently, it does not itself award recipients any pay.

¶27    Thus, it cannot be said, as the DOHA CAB did, that members receiving both disability compensation and disability retirement pay are no longer Chapter 61 recipients but are instead being paid "based on the principles and calculations under 10 U.S.C. § 1414." DOHA CAB Decision 2016-CL-091608.3, at 7 (March 1, 2022).  It is Chapter 61 that entitles Justin to his retirement pay. If Congress were to repeal Chapter 61 altogether, recipients under that provision would no longer be able to receive their retirement pay, even if § 1414 remained. Section 1414 applies only to a member *entitled* to disability retirement pay. It is Chapter 61 that entitles these members to their pay.

¶28 Accordingly, the district court erroneously divided Justin's retirement pay. Because Justin is receiving Chapter 61 retirement pay, which is excluded under the definition of disposable retired pay as explained above, it cannot be considered a marital portion and divided between Justin and Jacqueline.

¶29 We acknowledge the apparent inequity of this conclusion. To leave a former spouse of a service member without any portion of the retirement pay earned while they were married seems like an unfair policy determination. But it is not a policy determination that we made, nor is it one that we can change. This is strictly a matter of statutory interpretation, which means that our role as the court ends when we interpret the plain language of the law.

CONCLUSION

¶30 Justin receives disability retirement pay under Chapter 61. Under the plain language of § 1408, that pay does not qualify as disposable retired pay. Accordingly, it cannot be considered part of a marital portion. We therefore reverse the district court's holding that part of Justin's retirement benefits can be divided between the parties.

––––––––––