2016 UT App 96

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
DENNIS J. GARCIA,
Appellant.

Memorandum Decision
No. 20141009-CA
Filed May 12, 2016

Third District Court, Salt Lake Department
The Honorable Randall N. Skanchy
No. 061901607

Stephen G. Homer, Attorney for Appellant

Sean D. Reyes, Nancy L. Kemp, and Brent A. Burnett,
Attorneys for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Memorandum
Decision, in which JUDGE KATE A. TOOMEY and SENIOR JUDGE
PAMELA T. GREENWOOD concurred.[1]

CHRISTIANSEN, Judge:

¶1     Defendant Dennis J. Garcia crashed a car, killing his
friend. After being convicted of automobile homicide and
serving the resulting prison sentence, Garcia was ordered to pay
$7,000 toward the victim's funeral expenses. Defendant moved
to set aside that order, but the trial court determined that it no
longer had jurisdiction over Garcia's case. Defendant appeals
and we affirm.

---

1. Senior Judge Pamela T. Greenwood sat by special assignment
as authorized by law. *See generally* Utah R. Jud. Admin. 11-
201(6).

¶2     After the single-vehicle crash in March of 2006 killed Defendant's passenger, Defendant was arrested and charged with automobile homicide, a third-degree felony. Defendant's blood test indicated that "he had marijuana and cocaine in his system as well as 0.15 grams blood alcohol." Defendant was convicted after a one-day trial on April 17, 2008, and was sentenced to serve zero to five years in the Utah State Prison.

¶3     Although Defendant's presentence investigation report stated that "[a]ccording to the Utah Office of Crime Victim Reparations they paid $7,000 for funeral expenses in this offense," the minutes of his sentencing noted, "The issue of restitution is open." Similarly, at Defendant's first parole hearing, on October 5, 2010, the hearing officer opined that if the Board of Pardons and Parole were to parole Defendant, the officer was "sure they would order you to . . . pay restitution,"[2] noting "there's seven thousand dollars [that] was paid by a state agency for the funeral costs."

¶4     Defendant appealed his conviction, arguing that the evidence was insufficient to prove that he had been the driver or that he had been negligent in driving while intoxicated. *See State v. Garcia*, 2009 UT App 384U. This court rejected those arguments and affirmed his conviction. *Id.* Defendant served his entire five-year sentence and was released on April 15, 2013.

¶5     Months later, the Board of Pardons and Parole issued an order of restitution, requiring Defendant to pay $7,000 to the Utah Office for Victims of Crime. The Board also sent a copy of the order to the trial court. The order stated that, pursuant to

---

2. In its brief on appeal and its filings before the trial court, the State omitted this first portion of the hearing officer's statement, and therefore did not address the apparently conditional nature of the statement.

Utah Code section 77-27-6(4), "[w]hen entered on the Courts Docket, this Order shall constitute a lien against the Defendant and is subject to the Rules that apply in any Civil Judgment." It then concluded "IT IS SO ORDERED, this 24th day of September 2013 . . . BY THE BOARD: [signed] Clark A. Harms, Chairman." The order was duly entered into the docket by the trial court.

¶6     Defendant then filed a motion in the trial court to set aside the restitution order. Specifically, he requested that the court enter an order "[s]etting aside and vacating that certain 'Order of Restitution' entered by the Utah Board of Pardons and Parole" and removing or refraining from entering that order on the "Judgment Roll." He argued that the Board's restitution order had not been entered within the statutory timeframe and that he had not been given notice and an opportunity to be heard by the Board before it issued the order.

¶7     The trial court did not rule on the merits of Defendant's motion. Rather, the court rejected the motion on the ground that the court's jurisdiction over the case had ended. The court explained that it had "entered a valid sentence in this case, and thereby lost subject matter jurisdiction." The court also explained that, "once the one-year period after sentencing expired, this Court also lost jurisdiction over [Defendant's] restitution obligation. Jurisdiction moved to [the Board of Pardons and Parole] to determine restitution owed."

¶8     Defendant then filed a motion for a new trial, asserting

> The District Court does have "jurisdiction"—even "civil jurisdiction"—to set aside the "civil judgment" so "entered" in furtherance of [the] Board-filed "order of restitution", itself facially "made" in violation of law (later than the "within sixty days" period specifically required by statute).

Defendant argued that,

> upon the Board[ filing] (with the District Court)
> [an] "order of restitution", the Board-filed "order
> of restitution" becomes, automatically, as a matter
> of law, the equivalent of a "civil judgment" of the
> District Court. . . . This "civil judgment"
> equivalency authorizes the District Court, even in a
> "post-sentencing" (which is a "criminal" concept)
> context, to exercise "jurisdiction" . . . .

The trial court held a hearing on this motion and related motions to set aside the order of restitution and for a judicial determination of unconstitutionality as to Utah Code section 77-27-5(3), which forecloses judicial review of Board decisions.[3] The court ultimately denied Defendant's motions, concluding again that it lacked jurisdiction over the case.

¶9    On appeal, Defendant contends that the trial court had jurisdiction to review his challenge to the Board's restitution order. He also contends that the order of restitution was invalid for three reasons: the Board's failure to hold a "full hearing," the expiration of the wrongful-death statute of limitations, and the untimeliness of the order of restitution. Finally, Defendant contends that a statute barring judicial review of restitution decisions made by the Board of Pardons and Parole is unconstitutional.

¶10    The threshold issue in this case is whether the trial court had jurisdiction to review the Board's restitution order simply because the order had been entered upon the sentencing court's docket in Defendant's criminal case. At the core of Defendant's contention is his assertion that entry of the restitution order, pursuant to section 77-27-6(4) of the Utah Code, "reinvested" the

---

3. The transcript of the hearing is not in the record on appeal.

trial court with civil jurisdiction over his case. We conclude that it did not.

¶11 "Once a court imposes a valid sentence, it loses subject matter jurisdiction over the case." *State v. Montoya*, 825 P.2d 676, 679 (Utah Ct. App. 1991). However, it retains the ability to determine the amount of restitution for a year after sentencing: "the court shall determine complete restitution and court-ordered restitution, and shall make all restitution orders at the time of sentencing if feasible, otherwise within one year after sentencing." Utah Code Ann. § 77-38a-302(d)(i) (LexisNexis 2012). If a defendant has been committed to prison, "[a]ny pecuniary damages that have not been determined by the court within one year after sentencing may be determined by the Board of Pardons and Parole." *Id.* § 77-38a-302(d)(ii).

¶12 A separate statute governs the administration of Board-ordered restitution:

> If the defendant, upon termination or expiration of the sentence owes outstanding fines, restitution, or other assessed costs, or if the board makes an order of restitution within 60 days after the termination or expiration of the defendant's sentence, the matter shall be referred to the district court for civil collection remedies. The Board of Pardons and Parole shall forward a restitution order to the sentencing court to be entered on the judgment docket. The entry shall constitute a lien and is subject to the same rules as a judgment for money in a civil judgment.

Utah Code Ann. § 77-27-6(4) (LexisNexis 2012).

¶13 "We presume that the legislature used each word advisedly and give effect to each term according to its ordinary and accepted meaning." *State v. Holm*, 2006 UT 31, ¶ 16, 137 P.3d

726 (citation and internal quotation marks omitted). Here, Defendant's argument fails to do so and instead conflates several distinct terms employed by the legislature.

¶14 The statute provides that, after restitution has been ordered by the Board, "the *matter* shall be *referred* to the *district court* for civil collection remedies" and that the Board "shall *forward* a restitution *order* to the *sentencing court* to be entered on the judgment docket." Utah Code Ann. § 77-27-6(4) (emphases added). We presume that the distinctions (matter versus order, referred versus forwarded, and district court versus sentencing court) were deliberate choices by the legislature and were intended to mean different things. *See Pearson v. South Jordan City*, 2012 UT App 88, ¶¶ 19–20, 275 P.3d 1035 (noting that a trial court correctly understood a statute's use of both "deputy" and "assistant" to indicate "a legislative intent to distinguish the terms"). And we note that the term "the district court" often refers to the whole district court system rather than to a specific court. *See* Utah Const. art. VIII, § 1 ("The judicial power of the state shall be vested in a Supreme Court, in a trial court of general jurisdiction known as *the district court*, and in such other courts as the Legislature by statute may establish." (emphasis added)). We therefore understand the statute to do three things: first, it empowers the Board to make orders of restitution; second, it invests the district court system with jurisdiction to administer any collection processes stemming from such orders; and third, it requires the specific sentencing courts to enter the orders upon their dockets.

¶15 Defendant asserts that the phrase "shall be referred to the district court for civil collection remedies" evinces a legislative intent to reinvest jurisdiction in the trial court. He argues that "[t]he Board filed ('forwarded') the 'order of restitution' to the District Court, in procedural compliance with the statute: for the purpose of creating the 'civil judgment' it seeks to take advantage of." He further argues that "there could be no 'civil

collection remedies' if there were not some kind of 'jurisdiction' for the [trial court] to first enter some kind of 'judgment' to be collected upon by the affected claimant."

¶16 Contrary to Defendant's implicit assertion, however, the statutory scheme does not permit the trial court to enter a judgment at all. Rather, the Board "makes an order of restitution" and forwards the order to the sentencing court. The trial court which sentenced the defendant is then required to enter the order into its docket, presumably for the sake of completing its record of the case. This type of entry does not require any decisions or determinations to be made by the trial court. Thus, we conclude that the trial court does not gain jurisdiction to enter a *judgment* but rather is required to add the Board's *order* to the case docket, whereupon the order automatically "constitute[s] a lien and is subject to the same rules as a judgment for money in a civil judgment." *See* Utah Code Ann. § 77-27-6(4).

¶17 Defendant also argues that, by referring the matter to the district court for civil collection remedies, the statute contemplates district court jurisdiction over the judgment. However, civil collection remedies such as wage garnishment or a writ of execution generally presume the presence of an existing judgment. *See Remedy*, Black's Law Dictionary (10th ed. 2014) (defining "civil remedy" as "[t]he means of enforcing a right"). Although the district court has jurisdiction under this statute to order such civil remedies to assist the claimant in collecting on the judgment, nothing in the statute confers jurisdiction on the district court to rule upon challenges to the fact, amount, or validity of the judgment itself. And, in any event, the legislature's use of the term "district court" as opposed to "sentencing court" as used elsewhere in the same statute indicates that any jurisdiction is vested in the district court system rather than the specific trial court that tried and sentenced a defendant.

¶18 Defendant also highlights the last sentence of the statute ("The entry shall constitute a lien and is subject to the same rules as a judgment for money in a civil judgment.") and asserts that the import of this sentence is that a Board order constitutes a judgment of the trial court. However, such a reading overlooks the legislature's use of the phrase "shall constitute a lien" rather than "shall constitute a judgment." While the legislature provided for "the same rules" to apply to the lien as to a money judgment, that provision does not convert the nature of the lien into a judgment.[4]

¶19 We conclude that Utah Code section 77-27-6(4) did not reinvest jurisdiction in the specific trial court that sentenced Garcia. Instead, the statute required the trial court to enter the Board's order of restitution into the judgment docket—a procedural act that did not involve any judgment on the part of the trial court. Additionally, while the statute empowers the district court system to administer civil remedies should

---

4. In a footnote, Defendant asserts that the fact that the same rules apply to the lien as to a money judgment authorizes his "simultaneously-filed Rule 60(b)(6) motion." He provides no citation to the record for such a motion nor did he file a rule 60(b) motion in the Utah Court of Appeals. It therefore appears that he did not file one. Moreover, the Utah Rules of Civil Procedure are generally inapplicable to administrative proceedings unless expressly adopted. *See Frito-Lay v. Utah Labor Comm'n*, 2009 UT 71, ¶ 17, 222 P.3d 55 ("The scope of our rules is limited by the scope of the authority granted to this court by the Utah Constitution. Thus, we can apply [the Utah Rules of Civil Procedure] only to 'the courts of the state.'"). Rule 60(b) provides an avenue for a party to ask the court to review and reconsider its own decisions; it does not allow the court to review and modify decisions made by an administrative body such as the Board.

Defendant refuse to pay restitution, that role does not encompass challenges to the validity of the order of restitution.

¶20    We affirm the trial court's ruling that it lacked jurisdiction over Defendant's case. Because Defendant's remaining claims—relating to the Board's failure to hold a full hearing, the expiration of the wrongful-death statute of limitations, and the untimeliness of the Board's restitution order—are not properly part of an appeal from his criminal case, we do not address them further.

—————