*This opinion is subject to revision before final publication in the Pacific Reporter*

**2018 UT 3**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

STATE OF UTAH,
*Respondent,*

*v.*

DENNIS J. GARCIA,
*Petitioner.*

No. 20160932
Filed January 29, 2018

On Certiorari to the Utah Court of Appeals

Third District, Salt Lake
The Honorable Randall N. Skanchy
No. 061901607

Attorneys:

Sean D. Reyes, Att'y Gen., Tyler R. Green, Solic. Gen.,
Brent A. Burnett, Asst. Solic. Gen., Salt Lake City, for respondent

Stephen G. Homer, West Jordan, for petitioner

ASSOCIATE CHIEF JUSTICE LEE authored the opinion of the Court, in
which CHIEF JUSTICE DURRANT, JUSTICE HIMONAS, JUSTICE PEARCE, and
JUDGE JOHNSON joined.

Due to her retirement, JUSTICE DURHAM did not participate herein;
DISTRICT JUDGE CHRISTINE S. JOHNSON sat.

JUSTICE PETERSEN became a member of the Court on November 17,
2017, after oral argument in this matter, and accordingly did not
participate.

ASSOCIATE CHIEF JUSTICE LEE, opinion of the Court:

¶1     Dennis Garcia served a five-year sentence for automobile
homicide. Following his release, the Board of Pardons and Parole
ordered him to pay $7,000 of restitution toward his victim's funeral
expenses. Garcia filed various motions with the sentencing court

challenging the restitution order as untimely and therefore legally invalid. The district court determined that it did not have jurisdiction to adjudicate these motions, and the court of appeals affirmed.

¶2 We affirm the court of appeals under Utah Code section 77-27-5(3). That provision states that restitution decisions of the board are "not subject to judicial review." This statutory section was all but ignored by the courts below, but it is properly before us here. And it is decisive. It forecloses the judicial review sought by Garcia in this case.

¶3 Garcia offers no way around this conclusion under the language of the statute. Instead he alleges that section 77-27-5(3) infringes his constitutional rights under the Open Courts Clause of the Utah Constitution. This is an issue Garcia raised both in the district court and in the court of appeals. But he did not raise it in his opening brief in this court. We do not reach it here for that reason.

I

¶4 In March 2006, Dennis Garcia crashed a car and killed his passenger. He was convicted of automobile homicide in April 2008, and he was sentenced to serve zero to five years in prison.

¶5 Garcia was released from prison in April 2013. Months later, the Board of Pardons and Parole issued an order of restitution that required Garcia to pay $7,000 to the Utah Office for Victims of Crime for funds paid to the victim's mother for funeral expenses. The board sent the order to the district court per Utah Code section 77-27-6(4), and the court entered the order into its docket.

¶6 Garcia moved the district court to set aside the restitution order on the ground that it was untimely.[1] In opposing Garcia's motion the Office of State Debt Collection asserted that the court lacked jurisdiction under Utah Code section 77-27-5(3). That section states that "[d]ecisions of the board in cases involving . . . restitution . . . are final and are not subject to judicial review." The district court denied Garcia's motion, holding that it lacked jurisdiction. It based

---

[1] The Parole Board must "make all orders of restitution within 60 days after the termination or expiration of the defendant's sentence." UTAH CODE § 77-27-6(2)(c). Garcia contends that the board's order was entered after that timeframe.

its order not on section 77-27-5(3) but on other grounds.[2] Garcia then filed three other motions requesting similar relief. He argued, among other things, that section 77-27-5(3) violated the Open Courts Clause. The court denied all three motions on the grounds stated in its previous order; it did not address Garcia's constitutional argument.

¶7    Garcia appealed the denial of these three motions to the court of appeals. In his brief, he renewed his constitutional argument and made an additional statutory argument. The statutory argument was that the district court had jurisdiction over the restitution order because it entered the order on its docket pursuant to Utah Code section 77-27-6(4). That section states that:

> [I]f the board makes an order of restitution within 60 days after the termination or expiration of the defendant's sentence, the matter shall be referred to the district court for civil collection remedies. The Board of Pardons and Parole shall forward a restitution order to the sentencing court to be entered on the judgment docket. The entry shall constitute a lien and is subject to the same rules as a judgment for money in a civil judgment.

UTAH CODE § 77-27-6(4). Garcia asserted that this statute "reinvests" the district court with jurisdiction, at least to review a restitution order that it has entered.

¶8    The court of appeals affirmed, but it addressed only Garcia's statutory argument. It held that section 77-27-6(4) did not reinvest the district court with jurisdiction "to rule upon challenges to the fact, amount, or validity of the judgment itself," but only to "order such civil remedies to assist the claimant in collecting on the judgment . . . ." *State v. Garcia*, 2016 UT App 96, ¶ 17, 374 P.3d 1039. This conclusion was rooted in part in the notion that section 77-27-6(4) refers to "order[s]" rather than "judgment[s]"—a distinction the court of appeals found significant. *Id.* ¶ 16. The court of appeals also noted that "the legislature's use of the term 'district

---

[2] The district court relied on the principle that "[o]nce a court imposes a valid sentence, it loses subject matter jurisdiction over the case." *State v. Montoya*, 825 P.2d 676, 679 (Utah Ct. App. 1991). It noted that while the court does have one year following sentencing to make restitution determinations, that year had expired, leaving the court without jurisdiction. UTAH CODE § 77-38a-302(5)(d)(i) (2005) ("[T]he court shall determine complete restitution . . . within one year after sentencing.").

court' as opposed to 'sentencing court' . . . indicates that any jurisdiction is vested in the district court system rather than the specific trial court that tried and sentenced a defendant." *Id.* ¶ 17. The court's opinion does not mention Garcia's open courts challenge.

¶9 We granted certiorari to consider whether the court of appeals erred in affirming the district court's determination that it lacked jurisdiction. We review the court of appeals' decision de novo. *State v. Levin*, 2006 UT 50, ¶ 15, 144 P.3d 1096 ("On certiorari, we review for correctness the decision of the court of appeals . . . .").

## II

¶10 The question presented is whether the district court had jurisdiction to review the Parole Board's order of restitution. Utah Code section 77-27-5(3) provides the answer. It says that the board's restitution decisions are "not subject to judicial review."

¶11 That clear and simple directive controls the disposition of this case. The legislature has said that our courts are foreclosed from "judicial review" of the legality or merits of a restitution order entered by the Parole Board. And Garcia's motions were improper because they sought such review—by challenging the order in question as untimely and thus illegal.

¶12 We affirm on this basis. We conclude that the district court lacked jurisdiction to consider the legality of the Parole Board's restitution order on Garcia's motions because the district court's "judicial review" of the order was foreclosed by Utah Code section 77-27-5(3). In so holding we adopt a basis for decision that departs to some degree from the path taken by the court of appeals. And we reject Garcia's grounds for challenging this approach.

## A

¶13 Garcia challenges the court of appeals' conclusion that the district judge in this case had jurisdiction only to "order such civil remedies to assist the claimant in collecting on the judgment," and not "to rule upon challenges to the fact, amount, or validity of the judgment itself." *State v. Garcia*, 2016 UT App 96, ¶ 17, 374 P.3d 1039. Garcia notes that Utah Code section 77-27-6(4) directs the "sentencing court" in a criminal case to "enter[]" the Parole Board's restitution order "on the judgment docket." *See* UTAH CODE § 77-27-6(4). And he suggests that the power to enter the judgment on the docket must encompass the power to consider the legal basis for the judgment.

¶14   Garcia may have a small point here. To the extent the court of appeals was saying that district judges are not exercising "jurisdiction" in entering a Parole Board restitution order on the judgment docket we disagree. The entry of the order on the docket is mandated by statute. And the exercise of that authority by a judge is the exercise of jurisdiction.

¶15   That said, this is not a basis for reversing the court of appeals. The jurisdiction exercised by the sentencing court in a case like this one is limited. The judge is directed only to perform a ministerial act—to enter the restitution order on the judgment docket. And the judicial power to perform that ministerial act does not encompass the power to review the legality or merits of the underlying restitution order. Thus, the court of appeals may have overstated matters in asserting that the district judge has no jurisdiction except over supplemental (civil enforcement) remedies. But the district judge's jurisdiction is limited; it does not extend to reviewing the merits or legal basis for the underlying restitution order.

¶16   Any question on that matter is resolved by Utah Code section 77-27-5(3). That provision, again, states clearly and unequivocally that "[d]ecisions of the board in cases involving . . . restitution . . . are final and are not subject to judicial review." UTAH CODE § 77-27-5(3). That confirms that a judge that is directed to enter the Parole Board's order on the judgment docket is not authorized to "review" the merits or legality of the underlying order. We affirm on the basis of this provision. We hold that, outside of civil collection remedies, the district court's jurisdiction is limited to the ministerial act of entering the judgment adopted by the Parole Board, and that decisions of the board are "final and are not subject to judicial review."[3]

B

¶17   Garcia makes little or no effort to sustain his position under the plain language of Utah Code section 77-27-5(3). Instead he asserts (1) that the clear import of the statute is somehow overridden by precedent and (2) that the statute as written infringes his rights

---

[3] In so holding we are not foreclosing Garcia's right to challenge the Parole Board's order through a petition for extraordinary writ. The viability of that avenue of review is not before us.

under the Open Courts Clause. The first point is unpersuasive, however, and the second is not properly presented for our review.

1

¶18   Nothing in our case law runs counter to the plain language of section 77-27-5(3). Garcia invokes *State v. Laycock*, 2009 UT 53, 214 P.3d 104, in support of an asserted right of judicial review of the exercise of "post-sentence jurisdiction" to review a restitution order. But *Laycock* has no bearing here. It involved the entry of a restitution order *by the district court* and review by a petition for extraordinary writ. *See Laycock*, 2009 UT 53, ¶ 1. That is significant. Our decision here is dictated by Utah Code section 77-27-5(3)—a provision barring judicial review of "*[d]ecisions of the [parole] board* in cases involving . . . restitution." UTAH CODE § 77-27-5(3) (emphasis added). That provision has nothing to say about review of restitution orders entered by a district court. So our decision here is in no way inconsistent with the framework of our *Laycock* opinion.

¶19   Garcia also invokes *State v. Schultz*, 2002 UT App 297, 56 P.3d 974. The *Schultz* case is admittedly more difficult to reconcile with our analysis here. The *Schultz* court announced a holding in line with that sought by Garcia—it reversed a restitution order initially entered by the Parole Board and subsequently placed on the judgment docket by the sentencing court on the ground that the board had entered its order at a time when it "no longer had jurisdiction" to do so. *Schultz*, 2002 UT App 297, ¶ 14. And it reversed the judgment entered by the sentencing court on the ground that "the sentencing court's entry of the order on its judgment docket is equally invalid." *Id.* ¶ 19. For that reason we take Garcia's point that the holding in *Schultz* seems incompatible with that endorsed by the court of appeals in this case.

¶20   That said, we cannot take Garcia up on his request that we give *stare decisis* effect to the *Schultz* opinion. For one thing *Schultz* is a court of appeals decision; as such it has no binding effect here. That is not to say that we ignore decisions from our court of appeals. We scrutinize them carefully, and follow them when we are persuaded by their analysis (as we often are). Here, however, we find no basis for following *Schultz*. That decision was handed down in apparent ignorance of the provision we find controlling here: Utah Code section 77-27-5(3) is nowhere discussed or even cited in *Schultz*.

¶21   Perhaps that is because this provision was not cited in the briefing in that case. Sometimes that happens—through oversight or otherwise, a controlling statutory provision is not brought to the

attention of the court. And when that happens, the persuasive power of a prior decision is sharply diminished. That is the case here. For reasons noted above we find Utah Code section 77-27-5(3) to be controlling here, and we repudiate *Schultz* (and any other cases along similar lines) to the extent it runs contrary to the clear terms of the statute.

2

¶22   Garcia's more direct challenge to the clear terms of Utah Code section 77-27-5(3) is his assertion that it runs afoul of the Open Courts Clause of the Utah Constitution. Garcia raised this challenge in the district court and in court of appeals. And both courts inexplicably failed to address this constitutional question.

¶23   Garcia could have raised this as a basis for challenging the court of appeals' decision. He could have asserted that the court of appeals erred in affirming the dismissal of Garcia's motions not only under the governing statutory framework but also because that framework infringes his constitutional rights. Yet he failed to raise this constitutional ground in his opening brief on appeal. It was not until his reply brief that Garcia raised the constitutional question. And that was too late. *See Pinder v. State*, 2015 UT 56, ¶ 58, 367 P.3d 968 (noting that "we typically do not consider issues raised for the first time in a reply brief").

¶24   By waiting until the reply brief to raise the constitutional question Garcia failed to carry his burden of identifying grounds for challenging the decision before us on review.[4] And he likewise deprived the State of the opportunity to address this question in its briefing on appeal. That was fatal to his attempt to raise this issue for our consideration.

III

¶25   A sentencing court has limited jurisdiction to perform the ministerial act of entering a restitution order of the Parole Board on the judgment docket and to facilitate civil collection remedies related to that order. UTAH CODE § 77-27-6(4). But that jurisdiction does not encompass judicial review of the legality or merits of the board's

---

[4] The court of appeals seems to have fallen short in neglecting to address Garcia's constitutional arguments. But it is Garcia's burden to identify alleged errors of the court of appeals.

order. Such review, in fact, is expressly foreclosed by statute. UTAH CODE § 77-27-5(3). We affirm on the basis of that statute.

————————