**2024 UT App 122**

# THE UTAH COURT OF APPEALS

LARRY R. SIMPER,
Appellant,
*v.*
BOARD OF PARDONS AND PAROLE,
Appellee.

Opinion
No. 20230070-CA
Filed August 29, 2024

Third District Court, Salt Lake Department
The Honorable Barry G. Lawrence
No. 220901162

Larry R. Simper, Appellant Pro Se

Sean D. Reyes and Andrew Dymek,
Attorneys for Appellee

JUDGE MICHELE M. CHRISTIANSEN FORSTER authored this Opinion,
in which JUDGES GREGORY K. ORME and JOHN D. LUTHY
concurred.

CHRISTIANSEN FORSTER, Judge:

¶1     Larry R. Simper pleaded guilty to eight felonies and a misdemeanor. Simper was sentenced to prison, and as part of his sentence, the district court ordered Simper to pay restitution. Eight years after the restitution orders were entered as civil judgments, Simper filed a petition for extraordinary relief pursuant to rule 65B of the Utah Rules of Civil Procedure, asserting that the orders were invalid because the Utah Board of Pardons and Parole (the Board) had exceeded its jurisdiction and violated due process by issuing the orders after the expiration of his sentences. The district court agreed in part with Simper and struck one of the restitution orders but concluded that the other orders were valid and remained in effect.

¶2     On appeal, Simper argues the district court should have invalidated all the restitution orders. His attack again centers on whether the Board exceeded its jurisdiction by signing the orders after the expiration of his sentences. For the reasons set forth below, we agree with Simper that the Board lacked jurisdiction to order restitution in this case. We therefore vacate the restitution orders.

BACKGROUND

¶3     In 2004, Simper pleaded guilty to a misdemeanor. Simper was sentenced to probation and ordered to pay $700 in restitution.

¶4     In 2007, Simper pleaded guilty to eight felonies in four cases. The district court consolidated the four cases for sentencing purposes. Adult Probation and Parole prepared a presentence investigation report outlining the monetary losses suffered by the victims in each case for restitution purposes.

¶5     In January 2008, the district court sentenced Simper to an indeterminate term of up to five years in the Utah State Prison for each of his felony convictions, with all sentences to run concurrently. The expiration date of these consolidated sentences was set as January 26, 2013. Simper was also ordered to pay full restitution to the victims in each case.

¶6     The following month, the district court held a sentencing hearing in Simper's misdemeanor case. Finding that Simper's guilty pleas in the felony cases were a violation of the terms of his misdemeanor probation, the court revoked Simper's probation and sentenced him to a term of up to one year in the Utah State Prison, to run consecutively with the concurrent five-year felony sentences he was already serving. The expiration date for the misdemeanor conviction was eventually set as January 25, 2014.

¶7     On January 25, 2014, Simper's sentence in the misdemeanor case expired. On February 20, the Board held a restitution hearing. Simper was not present at the hearing, nor is there evidence that he actually received notice of the hearing. On March 4, the Board issued a decision and order encapsulating the restitution amounts set by the Board during the restitution hearing. A few weeks later, on March 26, the Board sent the resulting restitution orders to the district court to be entered as civil judgments against Simper.

¶8     In February 2022, nearly eight years after the restitution orders were entered, Simper filed a Petition for Extraordinary Relief Pursuant to Rule 65B of the Utah Rules of Civil Procedure. Simper asked the district court to invalidate the orders on two grounds. First, he argued the Board lacked jurisdiction to enter the orders because the Board issued the orders after the expiration of his sentences. Second, Simper argued the orders were entered in violation of his right to due process because he did not receive notice of, nor did he attend, the restitution hearing.

¶9     Thereafter, the Board filed a motion for summary judgment, which Simper responded to with a cross-motion for summary judgment. In a written order, the district court granted in part and denied in part the parties' cross-motions. The court rejected Simper's jurisdictional argument outright, reasoning that subsection 77-27-6(2)(c)[1] of the Utah Code required the Board to enter an order of restitution within sixty days of the termination of a sentence and Simper's "aggregate sentence expired January 26, 2014[,] and the Board issued its order of restitution and sent

---

1. The applicable provisions of the Utah Code in effect when the Board signed the restitution orders have been substantially amended. We cite the version in effect at the time the orders were signed. *See State v. Clark*, 2011 UT 23, ¶ 13, 251 P.3d 829 ("[W]e apply the law as it exists at the time of the event regulated by the law in question.").

the orders to the [district] court[] within . . . 60 days." Conversely, the court found that Simper's due process argument was not entirely without merit, recognizing that Simper "did not receive notice, nor was he present at [the restitution] hearing." As a result, the court concluded that "the failure by the Board to notify [Simper] of the hearing was a denial of [his] due process rights, and any substantive decision arising from that hearing [was] void."

¶10    Based on the foregoing, the district court determined "that the Board's orders of restitution that were sent to the [district] court[] on March 26, 2014, are valid only to the extent that they affirmed orders of specific dollar amounts already made." The court accordingly struck one order that did not satisfy that criterion but upheld all other orders.

## ISSUE AND STANDARD OF REVIEW

¶11    Simper appeals the district court's order, raising multiple issues for our review. As an initial matter, Simper argues the Board lacked jurisdiction to enter all the restitution orders in his case. Whether the Board has jurisdiction to issue a restitution order is a question of statutory construction that we review for correctness. *See State v. Poole*, 2015 UT App 220, ¶ 5, 359 P.3d 667. Because we agree with Simper that the Board lacked jurisdiction to enter the orders, we need not address the other issues raised on appeal.

## ANALYSIS

¶12    Simper argues the Board did not have jurisdiction to enter any of the restitution orders in his case because the Board failed to sign the orders within the time period prescribed by statute. Consequently, he asserts that the orders are void and must be vacated. We agree.

¶13 The Crime Victims Restitution Act provides that after a criminal defendant pleads guilty to a crime that has "resulted in pecuniary damages, . . . the court shall order that the defendant make restitution." Utah Code § 77-38a-302(1) (2014). "Any pecuniary damages that have not been determined by the court within one year after sentencing may be determined by the Board . . . ." *Id.* § 77-38a-302(5)(d)(ii); *see also id.* § 77-27-6(2)(b). The Board's authority to order restitution is not limitless, however, and must instead be exercised within the time frame proscribed by statute:

> (c) Except as provided in Subsection (2)(d), the [B]oard shall make all orders of restitution within 60 days after the termination or expiration of the defendant's sentence.
>
> (d) If, upon termination or expiration of a defendant's sentence, the [B]oard has continuing jurisdiction over the defendant for a separate criminal offense, the [B]oard may defer making an order of restitution until termination or expiration of all sentences for that defendant.

*Id.* § 77-27-6(2)(c)–(d).

¶14 Here, the Board issued Simper's restitution orders on March 26, 2014. The district court concluded that the orders were timely under subsection 77-27-6(2)(c) because they were entered within sixty days after the expiration of Simper's sentence. In reaching this conclusion, the court agreed with the Board's position that Simper's sentences all expired at the same time—on January 25, 2014.[2] The court reasoned that because Simper was

---

2. In its ruling, the district court inconsistently referred to the date that Simper's sentence expired. At one point, the court stated that

(continued…)

sentenced to a five-year prison term for his felony convictions and was later sentenced for a separate misdemeanor conviction, the sentence for which was ordered to run consecutively to the felony sentences, the Board was required to treat the sentences as an aggregate term with a single expiration date. *See generally id.* § 76-3-401(8) (stating that when a court imposes consecutive sentences, the Board "shall treat the defendant as though he has been committed for a single term that consists of the aggregate of the validly imposed prison terms").

¶15 Simper argues the district court's determination that the Board's restitution orders were timely under subsection 77-27-6(2)(c) was incorrect because (1) the court improperly applied section 76-3-401 to aggregate his sentences and (2) by improperly aggregating his sentences, the court sidestepped subsection 77-27-6(2)(d), which he contends is the controlling statute. For its part, the Board maintains the court properly applied section 76-3-401 to aggregate Simper's sentences.

¶16 Although both parties advance several arguments supporting their respective positions regarding the applicability of section 76-3-401, we view one of Simper's arguments as dispositive. That is, Simper contends that section 76-3-401 does not apply in this case because, "by its own terms," the statute cannot be used to aggregate a misdemeanor sentence with a felony sentence.[3] Simper is correct. Subsection (6)(a) of section 76-

---

the sentence expired on January 26, but it later stated that the expiration date was January 25. Simper maintains that his misdemeanor sentence expired on January 25. Ultimately, as will be discussed, the difference is immaterial in this case.

3. The Board asserts this argument was not preserved because Simper did not specifically argue below that section 76-3-401 does not "apply to a misdemeanor sentence." We disagree. As Utah

(continued…)

3-401 states that "[i]f a court imposes consecutive sentences, the aggregate maximum of all sentences imposed may not exceed 30 years imprisonment." *Id.* § 76-3-401(6)(a). Subsection (8) then provides that "[w]hen the limitation of Subsection (6)(a) applies," the Board is to "treat the defendant as though he has been committed for a single term that consists of the aggregate of the validly imposed prison terms." *Id.* § 76-3-401(8). But subsection (11) then clarifies that "[t]his section may not be construed to limit the authority of a court to impose consecutive sentences in misdemeanor cases," *id.* § 76-3-401(11), making the limitation of subsection (6)(a) inapplicable to misdemeanors. And because the limitation of subsection (6)(a) does not apply to misdemeanors, the direction in subsection (8) to treat a defendant "as though he has been committed for a single term that consists of the aggregate of the validly imposed prison terms" likewise does not apply in the context of misdemeanors. *See id.* § 76-3-401(8). Thus, as we have concluded previously, section 76-3-401 "by its own terms, [simply] does not apply to misdemeanor offenses." *Salt Lake City v. Jaramillo*, 2007 UT App 32, ¶ 14, 156 P.3d 839; *see also* Utah Code § 76-3-401(1) ("A court shall determine, if a defendant has been adjudged guilty of more than one *felony* offense, whether to impose concurrent or consecutive sentences for the offenses." (emphasis added)). Accordingly, the court was wrong to conclude that the Board could aggregate all of Simper's sentences under

---

appellate courts have repeatedly recognized, "issues must be preserved, not arguments for or against a particular ruling on an issue raised below." *Federated Cap. Corp. v. Deutsch*, 2018 UT App 118, ¶ 17, 428 P.3d 51 (quotation simplified). The issue Simper raised before the district court was the proper interpretation and application of section 76-3-401. Simper's appellate argument is merely an additional argument concerning the issue that was already raised—the proper interpretation of the statute. We determine the issue is therefore preserved for our consideration.

section 76-3-401 where one was imposed for a misdemeanor offense and the others were felonies.

¶17    Having concluded that section 76-3-401 does not apply and that the district court therefore should not have aggregated Simper's misdemeanor sentence with his felony sentence, we next turn to the plain language of the governing statute to determine whether the restitution orders were timely. As noted above, subsection 77-27-6(2)(c) requires the Board to enter "all orders of restitution within 60 days" after the expiration of the defendant's sentence, "[e]xcept as provided in Subsection (2)(d)." That is, pursuant to subsection (2)(d), the Board may "defer" ordering restitution at the time the defendant's sentence expires if "the [B]oard has continuing jurisdiction over the defendant for a separate criminal offense." Utah Code § 77-27-6(2)(d). And that is the situation in this case. Simper was sentenced to a term of up to five years in prison for his four consolidated felony cases. Then, the following month, Simper was sentenced to a term of up to one year in prison for his separate misdemeanor conviction. That sentence was to run consecutively with the five-year sentence he was already serving. Thus, at the time that Simper's sentence in the four consolidated felony cases expired on January 26, 2013, the Board still had continuing jurisdiction over him for his separate misdemeanor offense, which sentence did not expire until January 26, 2014. The Board was therefore required to enter all restitution orders by the time Simper's sentence in the misdemeanor case expired. *See id.* In other words, the plain language of subsection 77-27-6(2)(c) provides the Board with sixty extra days to order restitution after the termination or expiration of a defendant's sentence. But the Board is not afforded that extra sixty days when it has continuing jurisdiction over a defendant for a separate offense. In that situation, the Board must enter an order of restitution before the "termination or expiration of all sentences for that defendant." *Id.* Accordingly, because the Board did not enter Simper's restitution orders until March 26, 2014—

two months after the sentence imposed on his misdemeanor offense terminated—the restitution orders were not timely.

¶18    In short, the district court improperly applied section 76-3-401 to aggregate Simper's misdemeanor sentence with his felony sentence. As a result, the court incorrectly determined that the Board was required to issue Simper's restitution orders in accordance with the timing provision in subsection 77-27-6(2)(c) rather than the timing provision in subsection (2)(d). And pursuant to subsection (2)(d), the Board's orders were not timely.

CONCLUSION

¶19    The Board did not have jurisdiction to enter the restitution orders in Simper's case. The district court misinterpreted the language of the governing statute and improperly aggregated all of Simper's sentences. We therefore vacate the Board's restitution orders.

———————